### CLARK *v.* CORWIN *et al.*

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

RIGHT TO COSTS—CLAIM AGAINST ESTATE—REFUSAL TO REFER.

In an action on a note against an executor wherein the defense was forgery, it appeared that plaintiff's counsel had consulted with defendant's counsel, before institution of suit, as to referring the claim, and that defendant's counsel had said, in respect to the claim, "that it had better take its regular course. I can establish the forgery before any jury." *Held*, that enough was said by defendant's counsel to constitute a refusal to refer, and that plaintiff was entitled to have costs taxed against the executor, defendant.

Appeal from special term, Orange county.

Action by Ruama Clark, administratrix of Ruama Wilcox, deceased, against one Wheeler, and Susan M. Corwin and Gilbert L. Noble, executors of James Corwin, deceased, to recover on a promissory note, the defense to which was forgery. The affidavit of plaintiff's counsel shows that an interview took place between defendants' counsel and himself on the subject of referring the claim, during which defendants' counsel remarked that the claim "had better take the regular course. I can establish the forgery before any jury." From an order allowing plaintiff to tax costs against them defendants appeal. For former report, see 3 N. Y. Supp. 317.

Argued before DYKMAN and PRATT, JJ.

*Gilbert O. Hulse*, for appellants.   *Wm. F. O'Neill*, for respondent.

DYKMAN, J. This is an appeal from an order allowing the plaintiff to tax costs in this action against the executors. The action was upon a promissory note, and the defense was that the name of James Corwin, which appeared upon the note, was a forgery. Corwin is dead, and his executors were made defendants in the action with Wheeler, the other maker, who is alive. The claim was presented to the counsel for the executors, and rejected, and sufficient was stated by him at the time to constitute a refusal to refer. It is unnecessary to determine whether the claim was unreasonably resisted, as the refusal to refer was sufficient to justify the imposition of costs. The order should therefore be affirmed, with $10 costs and disbursements.